UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV381 HEA |
| ) | |
| DEVAN SEALANT, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This matter is before the court on Plaintiff's Motion for Appointment of Counsel, [Doc. No. 4]. The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* at 1005.

Plaintiff, who was formerly employed by Defendant, alleges that he was discriminated against based on his race, national origin, color, and gender, and that he was retaliated against and harassed by Defendant. The Complaint sets forth the facts upon which this claim is based and Plaintiff has articulated circumstances surrounding his claim, as well as Defendant's knowledge of his particular situation.

The facts of this case do not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claim and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 4] is denied without prejudice.

Dated this 8th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE