UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV381 HEA |
| | ) |
| DEVAN SEALANTS, INC., | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment and for Attorneys' Fees, [Doc. No. 20]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

## **Introduction**

Plaintiff filed this action against Defendant alleging that Defendant terminated his employment, treated him differently from other similar employees, retaliated against him and harassed him because of his race, national origin, color, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant claims that it discharged Plaintiff because of his "derogatory statements" to coworkers.

Defendant has moved for summary judgment on all of Plaintiff's claims. Because Plaintiff cannot overcome his burden of proof required to establish genuine

issues of material fact, Defendant's motion will be granted.

## Facts and Background

Defendant has submitted a Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment, in which Defendant sets out specific references to deposition testimony. Plaintiff does not specifically respond to Defendant's Statement of Uncontroverted Facts, rather, Plaintiff has filed an unverified response in which he states that the allegations contained in Defendant's motion did not happen. This, however, is insufficient to controvert Defendant's Statement of uncontroverted Material Facts.

> Pursuant to this Court's Local Rule 7-4.01(E),
>
> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

As such, the following facts are deemed admitted for the purposes of the motion for summary judgment.

Plaintiff was hired by Defendant as a temporary employee on June 8, 2006. Subsequent to a 75 day probationary period, employees become regular employees

and members of Painters District Council #2, Local 604.

Plaintiff was hired to work as an extruder operator. At that time, there were about 18 extruder operators, 10 of whom were female. Plaintiff continued to work as an extruder operator until his termination from employment on August 25, 2006. Plaintiff's termination was based upon investigation of complaints from female operators regarding Plaintiff's derogatory statements toward them. Plaintiff denies any such conduct on his part and maintains that all statements made concerning such conduct are inaccurate. Plaintiff claims that his co-workers were scared of him because he is a good worker and more would be required of them. For that reason, he believes his co-workers started "attacking him" with "the sexual harassment stuff and all that's made up."

Plaintiff's immediate supervisor throughout his employment was Myron Pendleton. It was reported to Pendleton that Plaintiff told a female employee training him that she could not tell him what to do and that he would do it his way. Plaintiff was counseled on June 19 2006 about his working relationship with women. He acknowledges that Pendleton told him he needed to be more open and communicative with the women. Two weeks later, another confrontation occurred between Plaintiff and another female employee. Pendleton again counseled Plaintiff, warning him that any more problems with the female employees could jeopardize his

job.

On August 22, 2006, co-worker Lynda Feagin told Plaintiff he needed to do his part on the line and get half of the boxes off the line before she could send another box through the line. Because Plaintiff did not respond, Feagin started working on the boxes. Plaintiff told her that he was supposed to do that. Plaintiff made some remarks to Feagin about women having it easy and not doing anything.

Following a formal investigation, Plaintiff was terminated on August 25, 2006. While the stated reason initially was sex harassment, to minimize Plaintiff's anger, the stated reason was revised or "lowered" to derogatory statements.

Plaintiff jointly filed a Charge of Discrimination with the EEOC and the Missouri Commission on Human Rights on September 26, 2006 alleging discrimination based on sex and retaliation. No race claim was included in this Charge.

Plaintiff's Complaint alleges Title VII discrimination based on race, national origin, color and gender. Although Plaintiff checked the "race" section of his EEOC questionnaire, his Charge of Discrimination only lists Plaintiff's sex and retaliation for reporting sexual harassment as the bases for the alleged discrimination.

Plaintiff admitted in his deposition that his treatment had nothing to do with his race, (nor therefore his national origin which is based on his race), and that he

had no reason to believe that his treatment had anything to do with his race.

Plaintiff has also acknowledged that Defendant did not take any action that was retaliatory against him for some protected activity.

## **Discussion**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific

facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be

granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

"Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." *Arnold v. Nursing and Rehabilitation Center at Good Shepherd*, *LLC*, 471 F.3d 843, 846 (8th Cir.2006) (citation omitted). "To successfully parry the defendants' motion for summary judgment, [Plaintiff] must put forth either (1) proof of 'direct evidence' of discrimination; or (2) a prima facie case of unlawful discrimination through circumstantial evidence under the *McDonnell Douglas* burden-shifting test, and then rebutting any proffered nondiscriminatory reasons for the employment decision with sufficient evidence of pretext. *Griffith*, 387 F.3d at 736." *King v. Hardesty,* 2008 WL 539238, 4 (8th Cir. 2008).

A plaintiff in an employment discrimination case, therefore, may avoid

summary judgment by following the *McDonnell Douglas* framework *or* by presenting direct evidence of discrimination. *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004). Direct evidence in this context must be strong enough to show "a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the employment decision. *Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir.1997) (internal quotations omitted).

Direct evidence includes "evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude," where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor. *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir.1993) (internal quotations omitted).

Plaintiff admits that the claims in this matter are not based on his race, national origin or in retaliation for engaging in protected activity. That being stated, Defendant is entitled to judgment as a matter of law.

With respect to Plaintiff's sex discrimination claim, Plaintiff may survive a defendant's motion for summary judgment in one of two ways. *McGinnis v. Union Pacific R.R.*, 496 F.3d 868, 873 (8th Cir.2007). "The plaintiff may present direct evidence of discrimination, that is, evidence showing a specific link between the

alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Id.* (internal quotation marks and citation omitted). Put differently, to establish direct evidence of discrimination, Plaintiff must present "evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the factfinder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Rivers-Frison v. Southeast Mo. Comm. Treatment Ctr.*, 133 F.3d 616, 619 (8th Cir.1998) (quotation marks and citation omitted) (emphasis added).

"Alternatively, if the plaintiff lacks direct evidence of discrimination, the plaintiff may survive the defendant's motion for summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McGinnis*, 496 F.3d at 873 (citation omitted). Under this framework, the plaintiff bears the burden of establishing a prima facie case of discrimination. *Id.* (citation omitted).

To meet his burden, Plaintiff "'must show the following: (1) that [he] is a member of a protected class; (2) that [he] was meeting [his] employer's legitimate job expectations; (3) that [he] suffered an adverse employment action; and (4) that

similarly situated employees outside the protected class were treated differently.' *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 616 (8th Cir.2007)." *Fields v. Shelter Mut. Ins. Co.* 2008 WL 763017, 3 (8th Cir. March 25, 2008).

"The establishment of a prima facie case creates a presumption of unlawful discrimination, which in turn requires a defendant to come forward with evidence of a legitimate, nondiscriminatory reason for the defendant's actions." *Id*. (citation omitted). "If the defendant articulates such a reason, the burden returns to the plaintiff to show the defendant's proffered reason is pretextual." *Id*. (citation omitted).

Plaintiff has presented absolutely no direct evidence of discrimination, therefore, in order to withstand the motion for summary judgment, Plaintiff must satisfy the three prongs of the *McDonnell-Douglas* analysis.

Plaintiff has failed to establish the second and four elements of a *prima facie* case of sex discrimination. There is no evidence that he was meeting his employer's reasonable expectations in that the record establishes that Plaintiff failed to heed the reprimands given regarding his interaction with his female co-worker. Plaintiff continued to behave in a manner which was not acceptable to the women with whom he worked. After Plaintiff was counseled, he continued to offend his co-workers.

Likewise, Plaintiff has failed to produce any evidence that similarly situated female employees were treated differently under the same set of circumstances.

There is no evidence in the record before the Court which demonstrates that female employees were counseled regarding inappropriate comments and thereafter continued to behave in an unacceptable manner.

Even if one assumed, *arguendo,* that Plaintiff could establish his *prima facie* case, Defendant has established legitimate, nondiscriminatory reasons for terminating Plaintiff's employment. Defendant has established that it tried to work with Plaintiff on his interaction with his co-workers, and that Plaintiff was given the opportunity to change. When Plaintiff's behavior did not change, and Defendant continued to receive complaints, Defendant was within its purview to discharge Plaintiff for the sexual harassment, which was "lowered" to derogatory remarks.

The burden, again shifts back to Plaintiff to establish that the reason given was in fact a pretext for the discrimination. Under the *McDonnell-Douglas* analysis, Plaintiff must present evidence that this reason is a pretext for improper discrimination. To satisfy this burden in the context of a properly supported motion for summary judgment, the plaintiff must "identify specific facts in the record showing that the offered reason was merely pretext and that illegal [discrimination] was the true motivating factor." *Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113 (8th Cir.2004) (per curiam). "Merely disputing [the employer's] reason is insufficient[.]" *Stuart v. General Motors Corp,* 217 F.3d 612, 634 (8th Cir. 2000).

Plaintiff nowhere refutes these reasons with admissible evidence, and makes no effort to show they are pretextual. Indeed, Plaintiff's self-serving unsworn statements that Defendant's evidence is "made up" fail to rise to the level of admissible evidence. Fed.R.Civ. Rule 56(e). Such statements are not sufficient. *See Mayer v. Nextel West Corp.,* 318 F.3d 803, 809 (8th Cir. 2003) ("Evidence, not contentions, avoids summary judgment."). Plaintiff can produce no admissible evidence to establish pretext.

## Conclusion

Plaintiff has failed to satisfy his burden under the *McDonnell-Douglas* paradigm requiring that he establish a genuine issue of material fact regarding whether the articulated reason given for the decision not to hire him was a pretext for discrimination. As such, Defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 20], is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 3rd day of April, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE